IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| REALTIME ADAPTIVE STREAMING LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. 17-1693 (CFC) (SRF) |
| SONY ELECTRONICS INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

| | | |
|---|---|---|
| REALTIME ADAPTIVE STREAMING LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. 17-1692 (CFC) (SRF) |
| NETFLIX, INC. and NETFLIX STREAMING SERVICES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| REALTIME ADAPTIVE STREAMING LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. 17-1520 (CFC) (SRF) |
| HAIVISION NETWORK VIDEO INC., | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| REALTIME ADAPTIVE STREAMING LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. 17-1519 (CFC) (SRF) |
| BRIGHTCOVE INC., and BRIGHTCOVE HOLDINGS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**JOINT STATUS REPORT**

I. **INTRODUCTION**

Pursuant to the Court's Oral Order of August 27, 2018, the parties to the above-identified actions submit this Joint Status Report and identify the next event the parties believe the Court needs to schedule in each case.

Plaintiff's Position: The next event the Court should schedule is a Rule 16 Scheduling Conference. Plaintiff Realtime suggests that such a conference occur within the next 30 days.

Defendants' Position: In the interest of judicial economy, the Court should defer scheduling further proceedings in each case until threshold issues regarding venue and deficiencies in Plaintiff's pleadings have been resolved.

II. **STATUS OF THE CASES**

1. **The Asserted Patents**

In these four patent actions, Realtime asserts the same seven patents against the Brightcove, Haivision and Sony Defendants and six of those patents against Defendant Netflix. The asserted patents fall into two groups, the "Fallon Patents"[1] and the "non-Fallon" patents.[2] For the Court's convenience, a chart of the patents asserted in each case is provided below:

| Defendant | Fallon Patents | | | | | Non-Fallon Patents | |
|---|---|---|---|---|---|---|---|
| Sony | '535 | '046 | '477 | '442 | '907 | '462 | '298 |
| Netflix | '535 | '046 | '477 |  | '907 | '462 | '298 |
| Brightcove | '535 | '046 | '477 | '442 | '907 | '462 | '298 |
| Haivision | '535 | '046 | '477 | '442 | '907 | '462 | '298 |

2. **Two Pending Motions To Transfer Venue**

---

[1] James J. Fallon is the first-named inventor of five of the asserted patents. The Fallon Patents are U.S. Patent Nos. 8,934,535, 7,386,046, 9,769,477, 8,929,442 and 9,762,907.
[2] The Non-Fallon Patents are U.S. Patent Nos. 8,634,462 and 9,578,298.

Netflix and Brightcove each filed motions to transfer venue to the Northern District of California under 28 U.S.C. § 1404(a). Netflix filed its motion to transfer on May 1, 2018, and it was fully briefed as of June 12, 2018. Brightcove filed it motion to transfer on July 31, 2018, and it was fully briefed as of August 21, 2018. Both transfer motions are awaiting disposition.

Plaintiff's Position: Netflix and Brightcove's transfer motions are without merit and should be denied for the reasons set forth in Plaintiff's opposition to the transfer motions. For example, transfer would not serve the convenience of the parties and witnesses and is not in the interests of justice because, among other things, Defendants Netflix and Brightcove are incorporated in Delaware and Plaintiff Realtime's witnesses are located in New York, close to this District. Moreover, the Court need not wait for disposition these motions before setting a Scheduling Conference, as discovery and scheduling would need to occur regardless of whether the case is transferred.

Defendants' Position: Netflix and Brightcove seek transfer because neither Realtime nor its claims have any connection to this district, and because transfer would best serve the convenience of the parties and witnesses and is in the interests of justice. Resolving the transfer motions before conducting further proceedings may avoid the Court unnecessarily spending time on the merits of those cases. "Judicial economy requires that . . . the court which ultimately decides the merits of the action should also decide the various questions which arise during the pendency of the suit instead of considering it in two courts." *McDonnell Douglas Corp. v. Polin*, 429 F.2d 30, 30-31 (3d Cir. 1970) (directing that "only if the [district] court should deny the motion to transfer should discovery be permitted to go forward"). The Federal Circuit thus stresses "the importance of addressing motions to transfer at the outset of litigation." *In re Google Inc.*, No. 2015-138, 2015 WL 5294800, at *1-2 (Fed. Cir. July 16, 2015) (internal

quotation marks and citations omitted) (directing the district court to "stay all proceedings pending completion of the transfer matter"). Accordingly, Netflix and Brightcove respectfully ask the Court to rule on their motions to transfer before conducting any further proceedings.

### 3. Four Pending Motions to Dismiss

Each of the Defendants filed motions to dismiss various counts of Plaintiff's respective complaints under Fed. R. Civ. P. 12(b)(6). Some of these motions overlap. For example, each Defendant moved to dismiss the counts asserting the Fallon Patents (all but two of the asserted patents in each case) for lack of patent eligibility under 35 U.S.C. § 101.

Below is a summary of the status of each motion to dismiss. All motions are fully briefed and are awaiting disposition:

- **Sony** filed its motion to dismiss all five Fallon Patents under § 101 on February 22, 2018. This motion was fully briefed as of March 15, 2018.

- **Netflix** filed its motion on February 5, 2018 to (1) dismiss four of the Fallon Patents under § 101 (the '442 Patent is not asserted against Netflix), (2) dismiss all counts for failure to properly plead infringement under *Iqbal/Twomby*, and (3) dismiss Realtime's indirect infringement allegations. This motion was fully briefed as of February 28, 2018. Netflix's motion to dismiss is scheduled to be heard before Magistrate Judge Fallon on October 2, 2018 at 11:00 am.[3]

- **Haivision** filed its motion to (1) dismiss all five Fallon Patents under § 101, and (2) dismiss the two remaining non-Fallon patents on grounds of *Iqbal/Twomby*, on February 20, 2018. This motion was fully briefed as of April 9, 2018.

---

[3] Haivision anticipates filing a request to participate in this hearing so that the parties may be heard on all § 101 grounds, including those as to the '442 Fallon Patent (not asserted against Netflix), and/or have oral argument on any of the other grounds for dismissal.

4

- **Brightcove** filed its motion to (1) dismiss all five Fallon Patents under § 101, and (2) dismiss all counts on grounds of *Iqbal/Twomby*, on January 26, 2018. This motion was fully briefed as of February 16, 2018. Realtime submitted a notice of supplemental authority on March 13, 2018, and Brightcove filed a response thereto on April 4, 2018.

Plaintiff's Position: Defendants' motions to dismiss are without merit and should be denied for the reasons set forth in Plaintiff's opposition to these motions. Indeed, a court in Colorado denied a motion to dismiss and a motion for judgment on the pleadings under § 101 as to the same and related Fallon patents. *See* D.I. 23 of C.A. No. 1:17-cv-01519-JFB-SRF. Moreover, none of these motions assert that the "Non-Fallon Patents" are ineligible under § 101. Accordingly, these motions are highly unlikely to resolve any of these cases completely. Accordingly, the Court need not await disposition of these motions before setting a Scheduling Conference.

Defendants' Position: A resolution of all or some of these motions may drastically narrow the scope of the cases as it may eliminate some or all of Realtime's counts in their entirety. Thus, resolving these motions before the cases proceed will save the Court and the parties resources that otherwise would be expended on counts that may not survive. *See Kaavo Inc. v. Cognizant Tech. Sols. Corp.*, No. CV 14-1192-LPS-CJB, 2015 WL 1737476, at *1 (D. Del. Apr. 9, 2015) (staying proceedings in two cases pending resolution of Rule 12 motions asserting that the patent-in-suit was invalid under § 101). And contrary to Plaintiff's representation, the issues have not already been resolved by another court. The Colorado Court denied the section 101 motions without prejudice, in order to address claim construction first, and without substantive opinion. Indeed, the Colorado court expressed skepticism about whether

5

Plaintiff's claims were directed to patent-eligible subject matter. *See Brightcove*, Dkt. 24 of C.A. No. 17-1519 (CFC) (SRF) (Brightcove Resp. to Notice of Supplemental Authority). D.I 31 a 1, 4-5 of C.A. No. 17-1520 (CFC) (SRF) (Haivision Reply in Support of Mot. To Dismiss).

### 4. Sony's Pending Motion For A More Definite Statement

On February 5, 2018, Sony filed a motion for a more definite statement under Fed. R. Civ. P. 12(e) as to all counts in Realtime's complaint. This motion was fully briefed as of March 27, 2018, and is awaiting disposition.

### 5. Other Related Realtime Cases

Realtime has filed multiple other related cases which are now pending in other jurisdictions, as noted in the summary chart below:

| Defendants | Court & Case No. | Fallon Patents | | | | | | Non-Fallon Patents | |
|---|---|---|---|---|---|---|---|---|---|
| Sling, Echostar, Dish, Arris | D. Colo. 1:17-cv-02097 | '535 | | | | | '610 | | |
| Apple | D. Colo. 1:17-cv-02869 | '535 | '046 | '477 | '442 | | | '462 | '298 |
| Polycom | D. Colo. 1:17-cv-02692 | '535 | '046 | '477 | '442 | '907 | | | |
| Wowza | D. Colo. 1:18-cv-00927 | '535 | '046 | '477 | | | | '462 | '298 |
| AVAYA | D. Colo. 1:18-cv-01046 | '535 | '046 | '477 | | | | | |
| Broadcom | D. Colo. 1:18-cv-01048 | '535 | '046 | '477 | | | | | |
| Intel | D. Colo. 1:18-cv-01175 | '535 | '046 | '477 | | | | | |
| AMD | D. Colo. 1:18-cv-01173 | '535 | '046 | '477 | | | | | |
| Mitel | D. Colo. 1:18-cv-01177 | '535 | '046 | '477 | | | | | |
| Amazon | E.D. Tex. 6:17-cv-00549 | '535 | | '477 | '442 | '907 | | '462 | '298 |
| LG | E.D. Tex. 6:18-cv-00215 | '535 | '046 | '477 | | | | | |

| Defendants | Court & Case No. | Fallon Patents | | | | | | Non-Fallon Patents | |
|---|---|---|---|---|---|---|---|---|---|
| Cisco | E.D. Tex. 6:17-cv-00591 | '535 | | '477 | '442 | '907 | | '462 | '298 |
| Samsung | E.D. Tex. 6:18-cv-00113-JRG | '535 | '046 | '477 | '442 | '907 | | '462 | '298 |
| Hulu | C.D. Cal. 2:17-cv-07611 | '535 | '046 | '477 | | '907 | '610 | '462 | '298 |
| Google | C.D. Cal. 2:18-CV-03629 | '535 | '046 | '477 | | | | '462 | '298 |
| Adobe | D. Mass. 1:18-cv-10355 | '535 | '046 | '477 | '442 | '907 | | '462 | '298 |

Plaintiff sought transfer to the District of Colorado pursuant to 28 U.S.C. § 1407 to centralize pretrial proceedings with the cases it filed in California, Texas, Massachusetts, and Colorado. The Judicial Panel on Multidistrict Litigation denied its request on August 1, 2018.

### 6. The IPR Petitions Filed

Plaintiff's Position: While there are IPR petitions pending for some of the asserted patents, that should not affect scheduling of these cases. For example, none of the IPR petitions have been granted institution yet. Moreover, Defendants Haivision and Brightcove are not petitioners in any of the IPR petitions.

Defendants' Position: Currently, 15 IPR petitions have been filed by various defendants (and one third party) against all but one of the Fallon Patents and against the two Non-Fallon Patents, as shown in the summary chart below. The petitions were filed between April and September of this year; accordingly, the Patent Trial and Appeal Board will begin issuing decisions indicating whether it will institute review of the challenged patent claims as early as next month. Such decisions should further inform the proceedings in these cases.

| Petitioner / IPR Petition No. | Patent Challenged | IPR Filing Date |
|---|---|---|
| Unified Patents, IPR2018-0083 | '535 | 4/6/18 |
| Hulu, IPR2018-01090 | '610 | 5/18/18 |
| Hulu, Amazon, Netflix, IPR2018-01169 | '535 | 6/4/18 |

7

| Petitioner / IPR Petition No. | Patent Challenged | IPR Filing Date |
|---|---|---|
| Hulu, Amazon, Netflix, IPR2018-01170 | '535 | 6/1/18 |
| Hulu, Amazon, Netflix, IPR2018-01187 | '477 | 9/4/18 |
| Hulu, Amazon, Netflix, IPR2018-01189 | RE46,777 ('462) | 6/8/18 |
| Hulu, IPR2018-01195 | '610 | 6/5/18 |
| Amazon, Hulu, Netflix, IPR2018-01227 | '298 | 6/15/18 |
| Sony, Polycom, IPR2018-01299 | '907 | 6/28/18 |
| Sling, Dish, IPR2018-01331 | '610 | 7/3/18 |
| Sling, Dish, IPR2018-01332 | '535 | 7/3/18 |
| Sling, Dish, IPR2018-01342 | '535 | 7/3/18 |
| Cisco, IPR2018-01384 | '535 | 7/13/18 |
| Sony, Polycom, IPR2018-01413 | '477 | 7/31/18 |
| Sony, Polycom, IPR2018-01439 | '442 | 8/2/18 |

### III. NEXT EVENT TO BE SCHEDULED IN EACH CASE

Plaintiff's Position:  The next event the Court should schedule is a Rule 16 Scheduling Conference. Plaintiff Realtime suggests that such a conference occur within the next 30 days. For the reasons discussed above, Plaintiff Realtime believes that the Court need not await disposition of Defendants' motions before setting a Scheduling Conference.

Defendants' Position: The Court should defer setting a scheduling conference pending the Court's decisions on the pending motions in the interest of judicial economy and to avoid unnecessary expenditure of time and costs, as two of the cases may be transferred to a different venue, up to five of the asserted patents may be invalid, and one or more of the counts may be dismissed. Further with regard to Netflix and Brightcove, the Court need not conduct further proceedings on the merits of the case until it resolves the threshold issue of venue.  If the Court is inclined to hear oral argument on Netflix's or Brightcove's motion to transfer, the only event to be scheduled is a hearing on the respective motions.  If the cases are not transferred, the Court should then proceed to consider and resolve the motions to dismiss.  A scheduling conference should thus be deferred until an order on Netflix's and Brightcove's motion to transfer and (if the cases are not transferred) on the motions to dismiss.

BAYARD, P.A.

 */s/ Stephen B. Brauerman*
Stephen B. Brauerman (No. 4952)
Sara E. Bussiere (No. 5725)
600 N. King Street, Suite 400
Wilmington, DE 19801
(302) 655-5000
sbrauerman@bayardlaw.com
sbussiere@bayardlaw.com

*Attorneys for Plaintiff Realtime Adaptive Streaming LLC*

GREENBERG TRAURIG, LLP

 */s/ Benjamin J. Schladweiler*
Steven T. Margolin (#3110)
Benjamin J. Schladweiler (#4601)
Samuel L. Moultrie (#5979)
The Nemours Building
1007 North Orange Street
Suite 1200
Wilmington, Delaware 19801
(302) 661-7000
margolins@gtlaw.com
schladweilerb@gtlaw.com
moultries@gtlaw.com

*Counsel for Defendant HaiVision Network Video Inc.*

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

 */s/ Jack B. Blumenfeld*
Jack B. Blumenfeld (#1014)
201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com

*Counsel for Defendants Brightcove, Inc., Brightcove Holdings, Inc., Netflix, Inc., Netflix Streaming Services, Inc., Sony Electronics, Inc.*

9